UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT DUKOWITZ,

                Plaintiff,

     v.

KAWYNE A. LUND, et al.,

                Defendants.

CASE NO. 3:18-cv-05904-RBL-JRC

ORDER TO SHOW CAUSE

Plaintiff Robert Dukowitz, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights were violated when defendants unlawfully amended his underlying conviction after he was transferred to their custody. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that defendants violated his constitutional rights. However, the Court provides plaintiff leave to file an amended pleading by February 1, 2019, to cure the deficiencies identified herein.

The Court also notes that plaintiff has filed an application to proceed *in forma pauperis* ("application for IFP"). Dkt. 4. However, because it is unclear whether plaintiff will be able to

cure the deficiencies identified herein, the Court declines to rule on that motion until after an amended complaint has been filed.

## BACKGROUND

Plaintiff filed his compliant in November of 2018, but included a deficient application for IFP. Dkt. 1. Pursuant to a letter from the Clerk, plaintiff corrected his application for IFP that same month. Dkt. 5. Plaintiff states that he was convicted of attempted murder in the first degree. Dkt. 1-1. However, he alleges that the Department of Corrections ("DOC") unilaterally changed his conviction to first degree murder after he was transferred to their custody. *Id*. He alleges that this erroneous change "has taken [plaintiff's] life, liberty, and freedom . . . ." *Id*. He names several individual defendants in their individual capacities, as well as Pierce County, the State of Washington, and the DOC itself. *Id*. Plaintiff requests that his conviction be corrected by DOC, and further requests $10 million in unspecified damages. *Id*.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

## I. Claims Barred Pursuant to *Heck v. Humphrey*

A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). To obtain federal judicial review of a state conviction or sentence, a party must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first exhaust his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, plaintiff's allegations may necessarily imply the invalidity of his underlying conviction or sentence. He states that he was convicted of attempted first degree murder and transferred to the custody of the DOC. He alleges that the DOC then erroneously "changed [his] conviction from 'Attempted Murder in the 1st Degree' to 'Murder in the 1st Degree' . . . ." Dkt. 1-1, p. 3. However, a finding in plaintiff's favor would necessarily imply the invalidity of that alleged change. As noted above, even if the DOC erroneously changed plaintiff's underlying conviction or judgment, a finding that would imply the invalidity of the conviction – even one that would only imply the invalidity of internal prison procedures affecting the conviction – is barred unless plaintiff has previously invalidated the conviction. *See Wilkinson*, 544 U.S. at 81-82. Because a finding in favor of plaintiff would necessarily imply that the DOC unlawfully

changed plaintiff's underlying conviction, and plaintiff has not yet invalidated that alleged change to his conviction, the Court may not entertain his claim at this time.

The Court also notes that plaintiff's complaint contains other deficiencies. He has failed to describe the personal participation of his individual defendants, failed to adequately describe the a custom or policy promulgated by defendant Pierce County that led to his alleged constitutional violations, and improperly included the DOC and the State of Washington as defendants. However, because the Court finds that in all probability all of plaintiff's claims are barred pursuant to *Heck v. Humphrey*, the Court will not address those other deficiencies in detail unless and until plaintiff is able to show that his claims are not barred under *Heck*.

Therefore, plaintiff must show cause why the Court should not recommend dismissal of his complaint as barred under *Heck*. In the alternative, plaintiff may voluntarily dismiss this action and instead, after exhausting his state court remedies, file a petition for a writ of habeas corpus, then refile this action once he has invalidated his conviction.

**II.    Instructions to Plaintiff**

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. Plaintiff is ordered to show cause as to why the Court should not recommend his complaint be dismissed as *Heck* barred **on or before February 1, 2019**. If plaintiff fails to respond to this order on or before that date, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

Dated this 28th day of December, 2018.

J. Richard Creatura
United States Magistrate Judge