UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT DUKOWITZ,

        Plaintiff,

v.

KAWYNE A. LUND, et al.,

        Defendants.

CASE NO. 3:18-CV-05904-RBL-JRC

ORDER DIRECTING SUPPLEMENTAL BRIEFING

Before the Court is defendants' motion to dismiss. Dkt. 17. After a review of the relevant record, the Court is not yet persuaded whether defendants' motion to dismiss should be granted or denied and whether some or all the claims in plaintiff's complaint are barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), as they may necessarily imply that plaintiff's conviction, sentence, or length of incarceration is invalid. Accordingly, the Court orders supplemental briefing with respect to plaintiff's claims.

## BACKGROUND

Plaintiff is an inmate currently in the custody of the Washington State DOC and is housed at the Washington Corrections Center ("WCC"). *See* Dkt. Plaintiff alleges that he was convicted of attempted murder, but the DOC erroneously "labeled [him as] a murderer, since 1996." Dkt. 12 at 3. As a result, plaintiff contends that there was an error in calculating his sentence because his conviction for attempted murder requires a 25% reduction in prison time from a murder conviction. *Id.* Plaintiff also alleges that he was placed in a close-custody facility for a minimum of four years. *Id.* Plaintiff contends that while in close-custody he was bullied by another prisoner, physically assaulted, and "forced to break rules under threat of physical violence." *Id.* Plaintiff alleges that he did not report these actions because he was too afraid of being labeled a "rat" and targeted for 20 years. *Id.* Plaintiff contends that his "CCP" was revoked because of the error. *Id.* It is not entirely clear from the complaint, but it appears that plaintiff is referring to revocation of his community custody placement. *See id.* Plaintiff alleges that the mis-classification has stopped him from getting fair treatment in plea negotiations. *Id.*

Plaintiff alleges that he has attempted to correct the mis-classification and sentence computation error over the past 25 years. *Id.* Plaintiff alleges that his most recent attempt to correct the error occurred in a conference call with the records department and defendant Greene. *Id.* Plaintiff contends that he informed the records department of the error and that defendant Greene hung up the call and told plaintiff he could not tell the records department how to do their job. *Id.* Plaintiff seeks punitive damages and for the Court to order all parties to correct the computer records. *Id.* at 4.

## PROCEDURAL HISTORY

Plaintiff filed this case on November 5, 2018. Dkt. 1. Plaintiff initially filed his complaint in November 2018. Dkt. 1, 5. On December 28, 2018, the Court screened plaintiff's initial complaint and found it deficient. Dkt. 6. The Court ordered plaintiff to correct the deficiencies by February 1, 2019. *Id.* The Court declined to rule on plaintiff's motion for leave to proceed *in forma pauperis* until after an amended complaint was filed. Dkt. 6. The Court found that plaintiff's claims may necessarily imply the invalidity of his underlying sentence or conviction, and thus, were barred by *Heck*, 512 U.S. at 487. Dkt. 6 at 3-4.

Plaintiff filed the amended complaint on January 24, 2019. Dkt. 7. On February 25, 2019, the Court again ordered plaintiff to correct the deficiencies in an amended complaint by March 25, 2019. Dkt. 8. The Court noted that plaintiff may not be challenging his underlying conviction or the process by which the DOC allegedly mis-classified his conviction, but rather, that plaintiff was complaining of his treatment in prison because of the mis-classification. Dkt. 8 at 1-2. The Court concluded that plaintiff may be able to demonstrate that some or all his claims were not barred under *Heck*, but did not decide the issue, assuming that once defendants were served, this issue could be fully vetted. *See id.*

Plaintiff filed the amended complaint (hereinafter "complaint") on March 20, 2019. Dkt. 9. Plaintiff was granted *in forma pauperis* status on April 18, 2016. Dkt. 11. Plaintiff's complaint was served on defendants on the same day. Dkt. 12.

On May 3, 2019, defendants filed the motion to dismiss, arguing that plaintiff has failed to plausibly allege a claim under 42 U.S.C. § 1983, DOC and "DOC Records" are immune from this lawsuit and are not persons under § 1983, and plaintiff failed to establish personal participation of defendants White and Greene. Dkt. 17. Defendants also argue the complaint

deprives defendants from reviewing the defense of qualified immunity because plaintiff does not sufficiently identify a legal claim with which to review qualified immunity. Dkt. 17 at 3-4. Defendants did not address whether some or all of plaintiff's claims were barred under *Heck*. *See* Dkt. 17. Plaintiff did not file a response to defendants' motion. *See* Dkt.

## DISCUSSION

The Ninth Circuit and Supreme Court precedent allow the Court to *sua sponte* order supplemental briefing. *See Warren v. C.I.R.*, 282 F.3d 1119, 1120 (9th Cir. 2002); *United States Nat'l Bank v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 445-48 (1993). In *Warren*, the Ninth Circuit explained:

> When judges ask for supplemental briefing on an issue, it does not mean, as the dissent mistakenly asserts, that they have decided to reach a particular result. The purpose of requesting briefing in this case is to obtain more information in order to make a more informed and reasoned decision about *whether* to address an issue and, if so, how the issue should be resolved. Information, speech, and truth do not hurt; they only shed light. That is a fundamental tenet not only of our judicial system but of our democracy.

*Warren,* 282 F.3d at 1120 (Judge Reinhardt, concurring).

The Court is not yet persuaded on the record before it that defendants' motion to dismiss should be granted or denied. To date, the Court has not made an explicit ruling on whether some or all the claims in plaintiff's complaint are barred under the *Heck* doctrine. *See* Dkts. 6, 8; *Heck,* 512 U.S. at 480-82. Under *Heck,* a plaintiff may only recover under § 1983 for an allegedly unconstitutional conviction if he can prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See id.* However, the Supreme Court has clarified that *Heck* does not bar a § 1983 claim that "threatens no consequence for [an inmate's] conviction or the duration of [his or her sentence.]"

*Muhammad v. Close,* 540 U.S. 749, 751 (2004). "Habeas jurisdiction is absent, and a [civil rights] action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence[.]" *Ramirez v. Galaza,* 334 F.3d 850, 859 (9th Cir. 2003).

Before issuing a recommendation on defendants' motion to dismiss, the Court finds that supplemental briefing is necessary to clarify and address whether some or all of plaintiff's claims are barred under *Heck* and its progeny. If some or all of plaintiff's claims are the proper subject of a § 1983 action, defendants should also address plaintiff's claims that his constitutional rights were violated with respect to the conditions of his confinement, including his challenges related to his classification, due process, physical assault, bullying, and threats of violence. *See* Dkt. 12.

Defendants are directed to file a supplemental brief limited to 10 pages regarding these issues by June 24, 2019. Plaintiff may file a brief in response to defendants' supplemental brief. Plaintiff's response brief shall be filed on or before July 8, 2019 and shall also be limited to 10 pages. Defendants may file a reply brief on or before July 15, 2019.

The Clerk is directed to re-note defendants' motion to dismiss (Dkt. 17) for July 15, 2019

Dated this 12th day of June, 2019.

J. Richard Creatura
United States Magistrate Judge